IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

BELINDA E. RICHARD

                Plaintiff,

    v.

DEUTSCHE BANK NATIONAL TRUST
COMPANY, a Delaware corporation,
REGIONAL TRUSTEE SERVICES
CORPORATION, a Washington State corporation,
BARCLAYS CAPITAL REAL ESTATE, a
Delaware corporation dba HomEq Servicing,

                Defendants.

Civ. No. 09-123-AC

OPINION AND ORDER

Terrance J. Slominski
SLOMINSKI & ASSOCIATES
Commerce Plaza
7150 SW Hampton Street, Suite 201
Tigard, OR 97223

1 - OPINION AND ORDER


David W. Venables
SLOMINSKI & ASSOCIATES
Commerce Plaza
7150 SW Hampton Street, Suite 201
Tigard, OR 97223

     Attorneys for Plaintiff

Michael J. Farrell
MARTIN BISCHOFF TEMPLETON LANGSLET & HOFFMAN
888 SW Fifth Avenue, Suite 900
Portland, OR 97204

     Attorney for Defendant Deutsche Bank National Trust Company

Lisa M. McMahon-Myhran
ROBINSON TAIT, P.S.
710 Second Avenue, Suite 710
Seattle, WA 98104

Wesely J. Werich, Pro Hac Vice
ROBINSON TAIT, P.S.
710 Second Avenue, Suite 710
Seattle, WA 98104

     Attorneys for Regional Trustee Services Corporation

Michael J. Farrell
MARTIN BISCHOFF TEMPLETON LANGSLET & HOFFMAN
888 SW Fifth Avenue, Suite 900
Portland, OR 97204

     Attorney for Barclays Capital Real Estate dba HomeEQ Servicing


HERNANDEZ, District Judge:

     Plaintiff Belinda E. Richard ("Richard" or "Plaintiff") brings this acting alleging Deutsche Bank National Trust Company ("Deutsche Bank"), Regional Trustee Services Corporation ("Regional Trustee Services"), and Barclays Capital Real Estate, Inc. dba HomEq Servicing

2 - OPINION AND ORDER

("HomEq") (collectively, "Defendants") improperly foreclosed on her residence. Plaintiff's complaint sets forth four claims for relief. Plaintiff's first claim for relief seeks a declaratory judgment that the non-judicial foreclosure sale held by Regional Trustees Services is void. Her second claim for relief alleges breach of contract by Deutsche Bank and HomeEq. Her third claim for relief seeks an order quieting title. Plaintiff's fourth and final claim for relief alleges Defendants wrongfully foreclosed on her property.

On May 28, 2010, Defendants filed their Motion for Summary Judgment, and on June 1, 2010, Plaintiff filed her Motion for Partial Summary Judgment. Magistrate Judge John V. Acosta issued an Amended Findings and Recommendation (doc. #79)[1] on May 12, 2011, in which he recommends this court deny Plaintiff's Motion for Partial Summary Judgment (doc. #43) and grant in part and deny in part Defendants' Motion for Summary Judgment (doc. #35). The parties filed timely objections (doc. #81, #84, #85) to the Magistrate Judge's Amended Findings and Recommendation. The matter is now before me pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

## BACKGROUND

On June 9, 2005, Richard executed a note on residential property located in Portland, Oregon, in the amount of $345,000, payable to the lender, Meritage Mortgage Corporation ("Meritage"). Decl. of HomEq in Supp. of Defs.' Mot. for Summ. J. ("HomEq Decl."), Ex. A, p. 1. That same day, on June 9, 2005, Richard executed a Deed of Trust naming Mortgage Electronic Registration Systems, Inc. ("MERS") as grantee and beneficiary of the trust deed. Id.,

---

[1] Judge Acosta's initial Findings and Recommendation was amended for the sole purpose of correcting a statement that the notice of foreclosure was valid, when in fact, the court had found the notice of the foreclosure sale invalid.

3 - OPINION AND ORDER

Ex. B, p. 1-2. The Deed of Trust provided that MERS was acting as a nominee for Meritage and named Stewart Title as trustee. Id.

HomEq, the servicer of the loan, began servicing Plaintiff's loan on September 8, 2005, and continued to service the loan during the foreclosure proceedings. Defs.' Concise Statement of Material Facts ("Defs.' CSMF"), ¶ 2. On May 11, 2007, MERS assigned its beneficial interest in the trust deed to Deutsche Bank. HomEq Decl., Ex. C, p. 1. The assignment was recorded on May 21, 2007. Id. Also on May 11, 2007, the "Attorney-in-Fact for BARCLAY S CAPITAL REAL ESTATE, INC. DBA HOMEQ SERVICING" signed a document appointing Regional Trustee Services as Successor Trustee to Stewart Title under the trust deed. Id., Ex. D, p. 1. The document was recorded on May 21, 2007. Id.

Plaintiff became delinquent in the amount of $6,835.96 on her loan payments by March 2008. Defs.' CSMF, ¶ 5. Having failed to cure her delinquency and default, Regional Trustee Services recorded a Notice of Default and Election to Sell on April 14, 2008. Id., ¶ 7. The foreclosure, however, was suspended when Plaintiff and HomEq entered into a Listing Forbearance Agreement ("Forbearance Agreement") on August 6, 2008, wherein Plaintiff agreed to make scheduled forbearance payments beginning on August 8, 2008. Id., ¶ 11; Id., Ex. L, p. 68. The Forbearance Agreement provided that "[a]ll money paid to HomEq during the term of [the Forbearance Agreement] must be in certified funds (i.e., money order, bank cashier, check, etc.)[.]" HomEq Decl., Ex. H at 5. Richard successfully submitted by way of wire transfer the first two payments. Defs.' CSMF, ¶ 12. Plaintiff's third payment, however, was made by way of electronic funds transfer ("EFT"), and was rejected by HomEq because it was not certified funds pursuant to the terms of the Forbearance Agreement. Id. Because Richard's third payment was

4 - OPINION AND ORDER

not accepted, Regional Trustee Services resumed the foreclosure proceedings and sold the property at a trustee's sale on November 17, 2008, to Deutsche Bank for $358,370.65. Id., ¶ 16; Id., Ex. Q, p. 1-2.

## STANDARDS

### I. Objections to a Magistrate Judge's Findings and Recommendation

The court is generally required to make a de novo determination of those portions of the Magistrate Judge's Findings and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1); see also United States v. Reyna–Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). For those portions of the Findings and Recommendation to which the parties do not object, the court is relieved of its obligation to review the record de novo as to those portions of the Findings and Recommendation. Reyna–Tapia, 328 F.3d at 1121. In performing its review, the district court may accept, reject, or modify, in whole or in part, the Findings and Recommendation, opt to receive further evidence, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

### II. Summary Judgment

Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. E.g., Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The moving party need only demonstrate that there is an absence of evidence to support the non-moving party's case. Id. at 325.

Once the moving party has met its burden, the burden shifts to the non-moving party to "set out 'specific facts showing a genuine issue for trial.'" Id. at 324 (quotation omitted). To carry this burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

In deciding a summary judgment motion, the court must view the evidence in the light mostfavorable to the non-moving party and draw all justifiable inferences in its favor. Id. at 255. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment ." Id. However, conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. See Thornhill Publ'n Co., Inc. v. GTE Corp., 594 F.2d 730, 738 (9th Cir. 1979).

## DISCUSSION

### I. Plaintiff's Objections

Plaintiff does not object to the Magistrate Judge's findings of fact. She, however, objects to the Magistrate Judge's finding that (1) MERS was the statutory beneficiary under ORS Chapter 86; and (2) her payment by way of EFT constituted a default under the Forbearance Agreement. I address each objection in turn.

**A. MERS as the Proper Beneficiary Under ORS Chapter 86**

Plaintiff objects to the Magistrate Judge's finding that the deed of trust authorized MERS to act as a beneficiary and to foreclose on Plaintiff's property. The Magistrate Judge thoroughly discussed Plaintiff's argument, however, and rejected it because the trust deed explicitly authorized MERS to foreclose on Plaintiff's property. See Amended Findings and Recommendation, p. 9-10.

A review of the record shows that the Deed of Trust unambiguously provides that MERS is "the Grantee of th[e] [Deed of Trust,]" that "MERS is the beneficiary under [the Deed of Trust," and that "[t]he beneficiary of [the Deed of Trust] is MERS[.]" HomEq Decl., Ex. B, p. 1-3. Furthermore, the trust deed clearly states that "MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property . . . ." Id., p. 3.

Under ORS 86.705(1), a "'[b]eneficiary' means the person named or otherwise designated in a trust deed as the person for whose benefit a trust deed is given, or the person's successor in interest, and who shall not be the trustee unless the beneficiary is qualified to be a trustee under ORS 86.790 (1)(d)." "[N]othing in [ORS 86.790(1)(d)] expressly prohibits MERS from being designated as a 'beneficiary' under a trust deed." Staton v. BAC Home Loans Serv., L.P., Civ. No. 10–01306–AA, 2011 WL 2213800, at *5 (D. Or. 2011). Because the trust deed in the present case explicitly names MERS as a beneficiary and specifically gives it the right to foreclose on Plaintiff's property, I find no error in the Magistrate Judge's findings.

## B. Plaintiff's Default Under the Forbearance Agreement

Plaintiff objects to the Magistrate Judge's findings on the grounds that her tender of payment by way of ETF was "certified funds" pursuant to the Forbearance Agreement. She argues that even if ETF payments are not certified funds under the Forbearance Agreement, her failure to tender a certified payment was not a material breach of the Forbearance Agreement. Plaintiff's objections are unavailing.

The Forbearance Agreement explicitly requires that "[a]ll money paid to HomEq . . . must be in certified funds (i.e., money order, bank cashier, check, etc.)[.]"  HomEq Decl., Ex. D, p. 5. Plaintiff argues that the term "certified funds" as used in the Forbearance Agreement is ambiguous. In support of her proposition, Plaintiff relies on the testimony of Jodie Jarrell ("Jarrell"), Defendants' corporate designee, who testified in part: "I can't tell you what et cetera means . . . ." Id., Ex. I, p. 23:14-16.

"The initial question of whether a contract is ambiguous is a question of law." E.g., Moon v. Moon, 914 P.2d 1133, 407 (Or. Ct. App. 1996). Contrary to Plaintiff's assertions, I find that the term "certified funds" as used in the Forbearance Agreement is not ambiguous. The fact that the Forbearance Agreement provides several examples of the types of payments qualifying as certified funds and does not state every possible type of payment qualifying as certified funds does not make the term ambiguous. See Id. ("For a term to be legally ambiguous, it must be susceptible to at least two plausible interpretations when examined in the context of the contract as a whole.") (Quotation and citation omitted). Furthermore, the term "etc." as used in the Forbearance Agreement simply indicates that the list of examples following the term "certified funds" is nonexclusive. Nothing in the record supports Plaintiff's proposition that EFT payments

qualify as certified funds pursuant to the Forbearance Agreement or that the term "certified funds" is ambiguous.

Plaintiff now raises the argument that even if her tender of payment was improper under the Forbearance Agreement, it did not constitute a material breach, which she argues is generally a question of fact for the jury. She further argues that she should have been given a chance to cure the default. The Forbearance Agreement to which Plaintiff agreed, however, does not allow her an opportunity to cure. Instead, it explicitly states that "[i]n the event any of the payments required hereunder are not received and posted by the date any such payment is due, <u>Borrower shall be in default under this Agreement and HomEq shall be entitled to proceed with foreclosure</u>." HomEq Decl., Ex. D, p. 5 (emphasis added). A reasonable jury could find that Plaintiff's failure to timely tender her third payment was a material breach of the Forbearance Agreement, which clearly states that failure to submit payments when due amounts to a default. Id., p. 3, 5.

Accordingly, I find Plaintiff's objections are not a sufficient basis to modify the Magistrate Judge's Amended Findings and Recommendation.

## II. Defendants' Objections

Deutsche Bank objects to the Magistrate Judge's findings that (1) the appointment of Regional Trustee Services as successor trustee was invalid; and (2) Regional Trustee Services' foreclosure sale was unlawful. Regional Trustees Services only objects to the Magistrate Judge's finding that Defendants failed to provide proper notice of the foreclosure sale.

Deutsche Bank argues that contrary to the Magistrate Judge's finding, the appointment of Regional Trustee Services as successor trustee was valid because its agent, HomEq, signed the

9 - OPINION AND ORDER

appointment. The record shows that MERS, the beneficiary under the trust deed, assigned its beneficial interest to Deutsche Bank on May 11, 2007. Id., Ex. C, p. 1. The assignment was recorded on May 21, 2007. Id. The record also shows that on May 11, 2007, the "Attorney-in-Fact for BARCLAY S CAPITAL REAL ESTATE, INC. DBA HOMEQ SERVICING" signed a document appointing Regional Trustee Services as successor trustee under the trust deed. Id., Ex. D, p. 1. The appointment was recorded on May 21, 2007. Id.

Contrary to Deutsche Bank's assertion, I find no evidence, and Deutsche Bank does not cite any, clearly demonstrating that HomeEq was acting as Deutsche Bank's agent when it signed the document appointing Regional Trustee Services as successor trustee. Accordingly, I agree with the Magistrate Judge's finding that the appointment of Regional Trustee Services by HomeEq was invalid and therefore, Regional Trustee Services' foreclosure on Plaintiff's property was unlawful because it had no legal authority to do so. See ORS 86.790(3) ("At any time after the trust deed is executed, the beneficiary may appoint in writing another qualified trustee. If the appointment of the successor trustee is recorded . . ., the successor trustee shall be vested with all the powers of the original trustee.") (Emphasis added).

I decline to address whether the recording of all assignments or notice were proper because having already concluded that Regional Trustee Services had no legal authority to foreclose on Plaintiff's property, I find those issues irrelevant. Thus, I agree with the Magistrate Judge that Regional Trustee Services' foreclosure on Plaintiff's property was unlawful because its appointment as successor trustee was not valid, but do not adopt the Magistrate Judge's findings with respect to whether the recording of assignments or the notice of foreclosure were proper.

## CONCLUSION

Having carefully considered the parties' objections, I adopt the Magistrate Judge's Findings and Recommendation (doc. #79) in part. Specifically, I adopt the Magistrate Judge's Findings and Recommendations with exception to his findings regarding whether the recording of all assignments or notice were proper. Accordingly, this court denies Plaintiff's Motion for Partial Summary Judgment (doc. #43) and grants in part and denies in part Defendants' Motion for Summary Judgment (doc. #35). Plaintiff's motion for partial summary judgment seeking declaratory relief that her account was not in default is denied. Defendants' motion for summary judgment is granted with respect to Plaintiff's requests for declaratory relief because MERS lawfully acted as beneficiary and because Plaintiff was in default. Defendants' motion for summary judgment is denied with respect to Plaintiff's requests for declaratory relief because the appointment of the successor trustee was not valid, and therefore, the foreclosure sale was unlawful. Defendants' motion for summary judgment is granted as to Plaintiff's claim to quiet title and denied as to Plaintiff's claim for wrongful foreclosure.

The parties' request for oral argument is denied as unnecessary.

IT IS SO ORDERED.

Dated this 5th day of July, 2011.

/s/ Marco A. Hernandez
MARCO A. HERNANDEZ
United States District Judge